IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ANGEL OQUENDO, JR.,

      Plaintiff,                        No. CIV S-07-2013 MCE KJM P

      vs.

JAMES DAVIS, et al.,

      Defendants.            <u>ORDER</u>

                             /

         Plaintiff is a Florida prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $60.67 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

1  The court finds the allegations in plaintiff's complaint are vague and therefore fail
2  to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure
3  adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the
4  claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir.
5  1984).  Plaintiff must allege with at least some degree of particularity overt acts which
6  defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Plaintiff's complaint must be dismissed.
7  The court will, however, grant leave to file an amended complaint.

8  To the extent plaintiff is attempting to plead an access to courts claim, he is
9  advised that an inmate has a constitutionally protected right of meaningful access to the courts.
10 <u>Bounds v. Smith</u>, 430 U.S. 817, 820-21 (1977).  It is not enough, however, for an inmate to
11 allege some abstract interference; instead, he must show "actual injury" to his rights.  <u>Lewis v.
12 Casey</u>, 518 U.S. 343, 351 (1996).

13 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
14 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See
15 Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
16 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
17 there is some affirmative link or connection between a defendant's actions and the claimed
18 deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
19 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
20 allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of
21 Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

22 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
23 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
24 amended complaint be complete in itself without reference to any prior pleading.  This is
25 because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v.
26 Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's request for leave to proceed in forma pauperis is granted.

        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $60.67. All fees shall be collected and paid in accordance with this court's order to the Secretary of the Florida Department of Corrections filed concurrently herewith.

        3. Plaintiff's complaint is dismissed.

        4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 24, 2008.

                                                            _____
                                                            U.S. MAGISTRATE JUDGE

[1] oque2013.14(9.26.07)