IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANGEL OQUENDO, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> JAMES DAVIS, et al., <br><br> Defendants. | 2:07-CV-02013-RLH-VPC <br><br><br> <u>ORDER</u> |

Jose Angel Oquendo, Jr. ("plaintiff") is a state prisoner proceeding *pro se*. Plaintiff initiated this action on September 26, 2007, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff requested authority pursuant to 28 U.S. § 1915 to proceed in forma pauperis, which was granted in the court's April 24, 2008 order (#7). The court also dismissed plaintiff's complaint with leave to amend because the allegations in the complaint were vague. *Id*., p. 3. Plaintiff failed to allege with any degree of particularity overt acts which defendants engaged in to support his claim. *Id*. Plaintiff filed an amended complaint on May 27, 2008 (#9). In his amended complaint, plaintiff names as defendants James Davis, Chairman of California's Board of Parole Hearings and Marilyn Kalvelage, Administrator for the Interstate Compact Unit of the Board of Parole Hearings. *Id*. p. 4. Although plaintiff is a California inmate, he is housed in the Florida Department of Corrections, in Sumter Correctional Institutional in Bushnell, Florida. *Id*. p. 1. Plaintiff's custody in Florida is in accord with California's Interstate Corrections Compact. *Id*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity 28 U.S.C. § 1915A(a). The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A

claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

Plaintiff telephonically attended a parole hearing with California's Board of Parole Hearings on April 15, 2005, and the Board denied plaintiff parole (#9, p. 3). Plaintiff claims that he sought access to California legal materials to use to draft an appeal to the parole decision, but that, despite repeated requests, defendants failed to afford him "access to California based legal materials and authorities upon which he could base an appeal of his 2005 parole denial" (#9, p. 5). Plaintiff attaches a portion of the transcript from his parole hearing, in which the Presiding Commissioner informs plaintiff that he should obtain a copy of the Board's regulations, which are available from the prison law library. *Id*. exh. A. Plaintiff claims that he attempted to obtain

1  such materials from Florida and California correctional officials and administrators, but
2  defendants never provided the materials. *Id*. p. 3. Plaintiff argues that because of defendants
3  failure to provide him legal materials, he was unable to appeal his 2005 parole denial in a timely
4  manner, and numerous California courts denied his appeals because they were untimely. *Id*. p.
5  6 & exh. B. Plaintiff contends that defendants' actions violated his Fourteenth Amendment Due
6  Process right his First Amendment right to access to the courts. *Id*. Plaintiff asks the court to grant
7  him declaratory and injunctive relief, expenses, costs and attorneys fees, as well as "an order
8  requiring any court – whether California or federal – to accept [plaintiff's] late filed appeal
9  challenging his 2005 parolee denial." *Id*. p. 6-7.

10  The state must provide access to an adequate law library or the assistance of persons with
11  legal training. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "[S]ending state authorities maintain
12  responsibility for providing state legal materials to their prisoners incarcerated in out-of state
13  facilities." *Boyd v. Wood*, 52 F.3d 820, 821 (9th Cir. 1995). The state may choose the means of
14  access in order to satisfy this constitutional obligation. *Storseth v. Spellman*, 654 F.2d 1349, 1353
15  (9th Cir. 1981). "When an adequate method of access is provided and an inmate does not avail
16  himself of it, he may not insist on an avenue of his choosing." *Id.* A regulation related to library
17  access that arguably impinges on First Amendment rights "is valid if reasonably related to
18  legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). An inmate must show
19  that a violation of his First Amendment right of access to the courts caused him actual injury.
20  *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

21  Plaintiff's allegations are sufficient to survive screening. Plaintiff claims that he
22  repeatedly requested legal materials from defendants and that defendants failed to provide him
23  with such materials, including regulations needed to appeal his parole violation. Plaintiff has a
24  right to access an adequate law library. Although plaintiff is housed in Florida, he maintains a
25  right to access California legal materials. Plaintiff has alleged that defendants denied him this
26  access because they failed to provide him with materials needed to appeal the Parole Board's
27  decision, specifically the Board of Prison Term's regulations entitled Administrative Appeals,
28

Correspondence and Grievances Concerning Board of Prison Terms' Decisions. Although the Parole Board informed plaintiff that these regulations were necessary to file a sufficient appeal, plaintiff alleges that defendants failed to send him the regulations, despite numerous requests. Plaintiff has also alleged an actual injury in that his lack of these materials prevented him from filing a timely appeal, which caused his appeal to be denied. Therefore, plaintiff's complaint has stated a claim sufficient to meet the screening standard, and may proceed.

**IT IS THEREFORE ORDERED** that:

1. Service of the complaint is appropriate for the following defendants: James Davis and Marilyn Kalvelage.
2. The Clerk of the Court shall send plaintiff 2 USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed July 10, 2007.
3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:
    a. The completed, signed Notice of Submission of Documents;
    b. One completed summons;
    c. One completed USM-285 form for each defendant listed in number 1 above; and
    d. Three copies of the endorsed complaint filed May 27, 2008.
4. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs

**IT IS SO ORDERED.**

**DATED:** March 20, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ANGEL OQUENDO, Jr.,

    Plaintiff,　　　　　　　　　　No. 2:07-CV-2013-RLH-VPC

  vs.

JAMES DAVIS, et al.,　　　　　　　　<u>NOTICE OF SUBMISSION</u>

    Defendants.　　　　　　　　　<u>OF DOCUMENTS</u>

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____　　completed summons form

    ____　　completed USM-285 forms

    ____　　copies of the _____
　　　　　　　　　　　Complaint/Amended Complaint

DATED:

_____
Plaintiff