IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

* * *

| | |
|---|---|
| JOSE ANGEL OQUENDO,<br><br>          Plaintiff(s),<br><br>     vs.<br><br>JAMES DAVIS and MARILYN KALVELAGE,<br><br>          Defendant(s). | 2:07-CV-2013-RLH-VPC<br><br>**O R D E R**<br>(Motion to Dismiss–#24) |

Before the Court is Defendants Davis and Kalvelage's **Motion to Dismiss** (#24). The Court also considers Plaintiff's Opposition (#27) and Defendant's Reply (#28). The Court finds the motion has merit. It will be granted for the reasons discussed below.

BACKGROUND

Plaintiff Oquendo is a California inmate who is housed at Sumter Correctional Institution in Bushnell, Florida, under the Interstate Corrections Compact. He alleges that he was denied parole at a hearing in April 2005 and was unable to Appeal the denial of parole because he did not have access to California legal materials.

He sued Defendant James Davis because of his one time capacity as Chairman of California's Board of Parole Hearings. While not material to this motion, the Court notes that Davis was not the Chair at the time of the parole hearing of April 2005, nor was he even present, nor did he have any contact with Oquendo.

////

He sued Marilyn Kalvelage as Administrator for the Interstate Compact Unit of the Board of Parole Hearings. She was not the Administrator of the Interstate Compact Unit of the Board of Parole Hearings in April 2005. Rather, she was the Deputy Director of Parole and, as such, did not work with inmates, only parolees. She, too, did not have any contact with Oquendo.

Following his denial of parole, Oquendo was told by the Board that he could appeal the denial by doing so according to California law. However, when he went to the library at the Florida prison, he was told they could not provide him with California legal materials. He then claims he wrote to California officials requesting the materials, but did not get a response.

## DISCUSSION

The basis for the motion to dismiss is that Oquendo failed to exhaust his administrative remedies. In the Ninth Circuit, the burden of proving the failure to exhaust rests with a defendant. Defendants have met that burden. Plaintiff's Complaint is subject to dismissal under an un-enumerated Fed. R. Civ. P. 12(b) motion as it is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. This permits defendants to move for dismissal under Rule 12(b) and support their motion with evidence and affidavits extrinsic to the Complaint. *Ritza v. Int'l Longshoremen's & Wharehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988).

The administrators for the Interstate Corrections Compact for both Florida and California have assured counsel for Defendants that neither have any record of Oquendo complaining about a lack of access to California legal materials.

Exhaustion of administrative remedies for prisoners involves filing an administrative grievance at the Institution where they are housed. This gives the Institution the opportunity to resolve issues complained of by an inmate. Oquendo did not file an administrative grievance in regards to not being able to obtain California legal materials at his Institution in Florida. Plaintiff did file one administrative grievance while housed in Florida, but that was in regards to visitation

rights. He filed no administrative grievances in California.

Under Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), "no action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

The Supreme Court has held that under section 1997e(a), an inmate, even one seeking only money damages, must exhaust remedies through the administrative grievance process, prior to bringing an action in Federal Court. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The *Booth* Court also held that this statute eliminates any discretion to dispense with administrative exhaustion and the requirement that it be "plain, speedy and effective" before exhaustion was required. *Id*. at 739. Also, it refused to read futility or other exceptions into the exhaustion requirements. *Id*. at 741 n6. The Supreme Court has reiterated that it is necessary for prisoners to properly exhaust their administrative remedies before they may pursue a lawsuit with respect to prison conditions, in *Woodford v. Ngo*, 548 U.S. 81 (2006).

Oquendo acknowledged that he had signed a Receipt of Grievance Orientation, Form DC1-307 at two different prison facilities in Florida. Furthermore, he initiated a grievance at Sumter regarding visitation rights. It is clear that he was familiar with the grievance procedures and had, in fact, used the procedures. He knew he needed to pursue his administrative remedy, but failed to do so.

Oquendo's argument is that he was told that the Florida library could not provide him with the California legal materials and so he wrote to California officials requesting the materials, but did not receive a reply. Unfortunately, Plaintiff does not allege that he sought California legal materials via the administrative remedies that were available to him.

He did not file an administrative grievance in regards to the California legal materials at his Institution in Florida. When someone told him such materials were not available to him, he simply dropped the matter as to that Institution. He apparently had successfully followed the

administrative grievance procedure in Florida before (regarding visitation).  Why did he not follow the required procedure in this instance?  He was required to, whether it proved successful or not.  Florida has the right to address the grievance so it can be resolved, if possible, at the local level, before filing a lawsuit in Federal Court.

Plaintiff now alleges that his administrative remedy, because he is housed under the Interstate Corrections Compact, is pursuant to the Interstate Corrections Compact Offender Supervision ("ICAOS") rules, specifically Chapter 6, dispute Resolution and Interpretation of Rules, which he attaches to his Opposition.  Under those rules, Plaintiff's remedy is to submit a written request to the Executive Director for assistance in resolving the controversy or dispute, to which the Executive director is to provide a written response within ten business days.  Cf. Rule 6.101.  However, Plaintiff has alleged from the beginning that he, or his family, wrote "California officials" attempting to obtain California legal materials.  He has never stated, nor provided evidence, that he wrote to the Executive Director, nor who that person is.  He has provided no letter to the Executive Director, nor evidence of a response by the Executive Director.  In fact, none of the attachments (lettered A through W) to his Opposition provide evidence that he attempted to make contact with California in regards to California legal materials.

Defendants, by way of declarations, have sworn that they have never had any communications with Mr. Oquedo.

Finally, Plaintiff attempts to argue that a Petition for a Writ of Habeas Corpus he filed constituted an exhaustion of his administrative remedies.  However, a petition for a writ of habeas corpus is not an identified administrative remedy.  The Court will not address the apparent delay by Plaintiff even in that effort.

Plaintiff's feeble argument, that he was told the Florida prison library did not have California legal materials, does not justify his failure to provide them the opportunity to obtain them, or direct him to them, by pursuing the grievance procedures he both knew of and understood.  Rather than follow the administrative procedures provided to him, Plaintiff has improperly filed suit

in Federal Court.  But, "it is necessary for prisoners to properly exhaust their administrative remedies before they may pursue a lawsuit" in Federal Court.  *Woodford v. Ngo*, 548 U.S. (2006).

IT IS THEREFORE ORDERED that Defendants Davis and Kalvelage's **Motion to Dismiss** (#24) is GRANTED.

Dated: June 10, 2010.

_____
Roger L. Hunt
Chief United States District Judge